IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIDDO CLARK,

    Plaintiff,

  v.

SUPERIOR COURT OF CONTRA COSTA COUNTY, CALIFORNIA, MERRY WEST, MARTHA DAVIS ALEXANDER, GEOFFREY STEELE, KATHRYN SCHOFIELD, and JAMES DAVIS,

    Defendants.
                              /

No. C 13-02899 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

## INTRODUCTION

In this Section 1983 action, defendants move to dismiss. To the extent stated below, the motions are **GRANTED**. Defendants' requests for "costs of suit" are **DENIED**. Defendants' request for judicial notice is **DENIED AS MOOT**.

## STATEMENT

Plaintiff Diddo Clark is an attorney representing herself in this Section 1983 action which arises out of a private dispute. Attorney Clark moved to live with her friend Merry West at the Rossmoor senior community center. This co-habitation arrangement was allegedly pursuant to an oral agreement, an unsigned written agreement, and a signed "Rossmoor Co-Resident Agreement" which allowed West to terminate the agreement "at any time, on 30 days notice" (Compl. ¶ 26). Following several altercations, during which West asked

plaintiff to move out, a state temporary restraining order was issued against plaintiff due to plaintiff's alleged elder abuse of West. Following a hearing in state court, a permanent restraining order was granted against plaintiff, who then unsuccessfully appealed to the state court of appeal and state supreme court.

Having lost at every stage in the state courts, Attorney Clark next filed this federal action challenging all that had gone on before, asking that the Court "vacate all of the orders entered by the state court" in addition to adjudicating other issues and granting monetary damages (Compl. ¶ 117). This relief is sought pursuant to Section 1983, plaintiff's federal claims center on the alleged lack of a full and fair hearing at the state court. Plaintiff argues that she was deprived of due process because the state court denied her attempt to make a peremptory challenge to the assigned judge at the permanent restraining order hearing. Plaintiff additionally argues that she was not allowed to present her only witness. Plaintiff also alleges that individual defendants conspired to deprive her of her civil rights and quiet enjoyment of her home.

**ANALYSIS**

**1. MOTIONS TO DISMISS.**

The *Rooker-Feldman* doctrine recognizes that federal district courts lack subject-matter jurisdiction to review alleged errors in state-court decisions. A federal court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This jurisdictional bar extends to actions that are *de facto* appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Such claims are barred "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect

2

challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 n.4 (9th Cir. 2003).

Plaintiff's action is exactly this type of claim. Plaintiff asks that "all of the orders entered by the state court" be vacated. Doing so would require a review and rejection of those orders. Although plaintiff's complaint asserts constitutional claims, its substance challenges the state court's order granting a permanent restraining order and state-court procedural rulings. Our court of appeals has held that "*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Id.* at 901. This Court, therefore, lacks subject-matter jurisdiction to review those state-court decisions.

Plaintiff's opposition argues that *Rooker-Feldman* does not bar her federal action because the issue of due process is different than alleged elder abuse. Plaintiff conflates preclusion law with *Rooker-Feldman* doctrine (Dkt. No. 33 at 4–6). They are distinct. *Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("*Rooker-Feldman* is not simply preclusion by another name"). Plaintiff's argument that the issues in the two actions are different is irrelevant.

Plaintiff further argues that since she filed a "timely and proper peremptory challenge," there is no state-court decision (Dkt. No. 38 at 2). Plaintiff, therefore, argues that the *Rooker-Feldman* doctrine does not bar a federal court from exercising jurisdiction in this action. In reaching that conclusion, plaintiff ignores her failed appeals in the state court of appeal and state supreme court. Though plaintiff alleges that the state courts did not consider her appeals on their merits, *Rooker-Feldman* bars this Court from reviewing state-court judgments, including application of procedural rules. *Reusser*, 525 F.3d at 859.

Plaintiff also relies on *Reusser* to assert that *Rooker-Feldman* does not apply because she was "prevented from presenting her claim in court" by "bad acts of the individual defendants" who were the adverse parties in the state-court action (Dkt. No. 38 at 2–3). The *Reusser* decision relied on *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). *Rooker-Feldman* does not bar a federal plaintiff from asserting as a legal wrong that an adverse party engaged in conduct which prevented a federal plaintiff from presenting her claim in court. The focus of such a claim

3

1 is not on whether a state court committed legal error, but rather on a wrongful act by the adverse
2 party. *Kougasian*, 359 F.3d at 1140-41 (internal citations omitted).  In that case based on a
3 skiing accident, the plaintiff alleged that the defendant committed extrinsic fraud on the court
4 by filing a false declaration and tampering with the evidence.  The court found that "[plaintiff
5 did] not seek to set aside the judgments of the California courts . . . based on alleged legal errors
6 by those courts.  Rather, [plaintiff sought] to set aside these judgments based on the alleged
7 extrinsic fraud by defendants that produced those judgments." *Id*. at 1139.

8       The principle in *Kougasian* is inapplicable here for two reasons.  *First*, in *Kougasian*
9 the adverse party had allegedly engaged in extrinsic fraud to obtain the judgment against the
10 plaintiffs.  The wrongful acts of the adverse party pertained to the plaintiffs' prosecution of the
11 action itself.  Here, the alleged wrongful acts by an adverse party are "traumatizing [plaintiff],
12 making [plaintiff] homeless," depriving plaintiff of her legal materials, obtaining the "elder
13 abuse injunction" that affected her other litigation, and taking plaintiff's time she could have
14 used on her other legal matters" (Dkt. No. 38 2–3).  These acts were the direct result of the
15 restraining order and do not constitute wrongful acts that prevented her from presenting
16 her defense in court.  *Second*, in *Kougasian* the plaintiffs did not ask the district court to set
17 aside the state-court decisions based on the state court's legal error.  Rather, the plaintiffs'
18 federal action was based on defendants' extrinsic fraud.  Here, however, plaintiff asks that
19 state-court orders be vacated because the state court deprived her of her due process rights.
20 *Rooker-Feldman* bars this Court from doing so.  Defendants' motion to dismiss is accordingly
21 **GRANTED**.

22     **2.**    **"COSTS OF SUIT."**

23       Certain defendants include a single sentence in their motions asking the Court to award
24 "costs of suit."  To the extent this refers to statutory costs, such as court fees for filing pleadings,
25 this motion is unnecessary and would be considered in due course via a bill of costs.  To the
26 extent this refers to attorney fees, no supporting documentation has been submitted.  Nor do the
27 memoranda cite to any standard for determining costs.  For these reasons, the motions for "costs
28 of suit" are **DENIED**.

**CONCLUSION**

To the extent stated above, the motions are **GRANTED**. Because this order grants dismissal on the basis of the *Rooker-Feldman* doctrine, plaintiff's arguments regarding other jurisdictional issues and the merits of her action are moot. Defendants' requests for "costs of suit" are **DENIED**. As this order does not rely on any documents therein, defendants' request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: November 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5